JOHN W. HURLOCK *vs.* MARTIN L. SMITH, CALEB SHEPHERD and LEWIS ROSS.

*Extinguishment of a Vendor's Lien.*

A bill obligatory executed by the purchaser of real estate, for the balance of the purchase money, was assigned by the vendor; subsequently the assignee surrendered the bill to the purchaser and received from him in its stead, a new bill for the balance found to be due at the time, the bill stating that it was for the purchase money of the land. HELD:

That the vendor's lien, even if it passed by the assignment, was extinguished by the delivery to the purchaser of the original bill, and the taking of a new bill in its stead.

APPEAL from the Circuit Court for Dorchester County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, GRASON, MILLER and ROBINSON, J.

*Clement Sullivane* and *Daniel M. Henry,* for the appellant.

*Sewell T. Milbourne, James Wallace* and *Charles F. Goldsborough,* for the appellees.

GRASON, J., delivered the opinion of the Court.

The bill of complaint in this case, was filed by the appellant to enforce a claim, alleged to be a vendor's lien, against certain land, which was sold to Martin L. Smith by Willis Hurlock in 1862, and of which Smith took

possession ; the bill charges that six hundred dollars were paid in cash, and a bill obligatory given for the balance, amounting to four hundred dollars, the bill obligatory stating that it was for the purchase money. The bill of complaint further charges that Willis Hurlock had paid the whole purchase money for the land, but had obtained no deed for it, and had executed none to Smith, the purchaser from him. The bill also charges that in 1870, Willis Hurlock assigned the bill obligatory to the appellant, without specifying in the assignment, that the vendor's lien was also assigned, and without a guaranty of the payment of the bill. The bill also charges that, in May, 1871, the appellant and Martin L. Smith had a settlement, which resulted in Smith's executing and delivering to the appellant, a new note for three hundred and fifty-six dollars and eight cents, the balance then found to be due, the note stating that it was for the purchase money of the land sold by Willis Hurlock to Smith ; and in the appellant's delivering up to Smith the bill obligatory, which had been assigned to him by Willis Hurlock. It is further charged in the bill of complaint, that in the spring of 1871, executions were issued upon certain judgments against Smith, under which all the interest of Smith in said land, was sold at sheriff's sale to the appellees, Shepherd and Ross, for fourteen dollars.

To this bill, a demurrer was filed so that the question, whether the appellant held the vendor's lien upon said land, might be amicably raised. The demurrer was sustained by the Court below, and the bill dismissed, and from its decree this appeal was taken.

It is not necessary in this case, to decide whether or not the vendor's lien held by Willis Hurlock, passed to the appellant by the assignment of the bill obligatory to him, and we therefore express no opinion upon that question. It is sufficient for the purposes of this case to say, that the delivery up to the purchaser of the original note, and

the taking of a new note in its stead, payable to the appellant, extinguished the lien, even if it passed to the appellant by the assignment. The lien of the vendor of real estate, is the creature of Courts of Chancery intended for his security. The appellant was not the vendor of the land to Smith, and by delivering up the old note and taking a new one, a new contract was entered into, to which Willis Hurlock the vendor, was not a party, and thereby the lien, if the appellant ever held it as assignee of Willis Hurlock, was extinguished. *Phelps vs. Conover*, 25 *Ill. Rep.*, 314.

We are of opinion that the Court below was right in sustaining the demurrer, and dismissing the bill of complaint, and will therefore affirm the decree appealed from.

*Decree affirmed with costs.*